UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 02-CV-11111-MEL

JOSEPH A. LOSANO,

       Plaintiff

v.

THE TOWN OF SWAMPSCOTT, JOHN
TOOMEY, AS FORMER CHIEF OF
POLICE, OF THE TOWN OF
SWAMPSCOTT, and in his individual
capacity, RONALD MADIGAN, AS
FORMER CAPTAIN, NOW CHIEF OF
POLICE, IN THE TOWN OF
SWAMPSCOTT, and in his individual
capacity, GARY LORD, SGT. IN THE TOWN
OF SWAMPSCOTT, and in his individual
capacity, and WILLIAM WATERS, AS
FORMER PATROLMAN, HOW SGT. IN
THE TOWN OF SWAMPSCOTT, and in his
individual capacity,

       Defendants

NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
MASSACHUSETTS:

     Now come the defendants, the Town of Swampscott and individual members of its

police department (hereinafter collectively referred to as the "Town"), pursuant to the provisions

of 28 U.S.C. §§1441 and 1446, and hereby file notice of the removal of this action from the

Superior Court of the Commonwealth of Massachusetts, County of Essex, where it is currently

pending, based upon the following grounds:

DOCKETED



1.      This is an action in which the plaintiff alleges violations of rights secured by the First, Fourth and Fourteenth Amendments of the United States Constitution, pursuant to 42 U.S.C. §1983.  See Complaint, ¶1, 34-37, 39.

2.      The plaintiff also raises state law claims of conspiracy, negligent infliction of emotional distress, defamation, abuse of process and malicious prosecution.  Complaint, ¶41.

3.      This Court has jurisdiction over the plaintiffs' constitutional claims pursuant to 28 U.S.C. §1331, and the entire case may be removed pursuant to 28 U.S.C. §1441.

5.      This Removal is timely, as this action was served on the defendants on May 15, 2002.

Signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

DEFENDANTS TOWN OF
SWAMPSCOTT, et al.

By their attorneys,


Joseph L. Tehan, Jr. (BBO# 494020)
Gregg J. Corbo (BBO# 641459)
Kopelman and Paige, P.C.,
  Town Counsel
31 St. James Avenue, Seventh Floor
Boston, MA  02116
(617) 556-0007

158647/60700/0233

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS

SUPERIOR COURT DEPT.
C.A. NO. 02-0890D

JOSEPH A. LOSANO,

    Plaintiff

v.

THE TOWN OF SWAMPSCOTT, JOHN
TOOMEY, AS FORMER CHIEF OF
POLICE, OF THE TOWN OF
SWAMPSCOTT, and in his individual
capacity, RONALD MADIGAN, AS
FORMER CAPTAIN, NOW CHIEF OF
POLICE, IN THE TOWN OF
SWAMPSCOTT, and in his individual
capacity, GARY LORD, SGT. IN THE TOWN
OF SWAMPSCOTT, and in his individual
capacity, and WILLIAM WATERS, AS
FORMER PATROLMAN, HOW SGT. IN
THE TOWN OF SWAMPSCOTT, and in his
individual capacity,

    Defendants

**02** CV **1 1 1 1 1** MEL

WRITTEN NOTICE OF REMOVAL TO FEDERAL COURT
PURSUANT TO 28 U.S.C. §1446(d)

TO:   Joseph A. Losano, Pro Se
      78C Pine Street
      Swampscott, MA 01907

AND: Clerk, Civil
      Essex Superior Court
      34 Federal Street
      Salem, MA 01970

Please take notice that a Notice of Removal of the above-captioned action from the Superior Court of the Commonwealth of Massachusetts, Essex County, to the United States District Court for the District of Massachusetts (a copy of which Notice of Removal is annexed hereto) was duly filed in the United States District Court for the District of Massachusetts.

Please take further notice that this Notice and a copy of the Notice of Removal, certified by the United States District Court for the District of Massachusetts, has been duly filed with the Clerk of the Superior Court of the Commonwealth of Massachusetts, Essex County, which filing removes this action and, in accordance with 28 U.S.C. §1446(d), the District Court shall proceed no further herein unless and until this case is remanded by the United States District Court.

DEFENDANTS TOWN OF
SWAMPSCOTT, et al.

By their attorneys,

Joseph L. Tehan, Jr. (BBO# 494020)
Gregg J. Corbo (BBO# 641459)
Kopelman and Paige, P.C.,
  Town Counsel
31 St. James Avenue, Seventh Floor
Boston, MA  02116
(617) 556-0007

158338/60700/0233

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the
above document was served upon the
attorney of record for each other party
by mail-hand on _____

2

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No.   2  3890

Joseph A. Losano ......................, Plaintiff(s)

v.

Town of Swampscott ET AL Defendant(s)

## SUMMONS

To the above named Defendant: SGT GARY LORD

You are hereby summoned and required to serve upon Joseph A. Losano ,

plaintiff's attorney, whose address is 78 C. Pine St. Swampscott, MA. 01907 , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

Salem either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the
14th day of MAY , in the year of our Lord two thousand 2

TRUE ATTEST COPY  Thomas H. Driscoll Jr.

Clerk

LS

DEPUTY SHERIFF

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.



SUPERIOR COURT
CIVIL ACTION
No. 2 0890

.................. Joseph A. Losano .................., Plaintiff(s)

v.

.................. Town of Swampscott Etal. Defendant(s)

## SUMMONS

To the above named Defendant: SGT. William Waters

You are hereby summoned and required to serve upon Joseph A. Losano

plaintiff's attorney, whose address is 78C. Pine St Swampscott, MA 01907 , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

Salem_____ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the
5th day of MAY , in the year of our Lord two thousand 02

**TRUE ATTEST COPY**

Thomas H. Driscoll Jr.

Clerk

**DEPUTY SHERIFF**

LS

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

*Town Council, Ch Madgen + Bgs*

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

MAY 1 8 2002

SW... OTT
BOARD OF SELECTMEN

**D**

SUPERIOR COURT
CIVIL ACTION
No. 2 5896

TOWN CLERK
COLLECTOR-TREASURER
SWAMPSCOTT, MA
01907

...EX, ss.

2002 MAY 15  A 8: 33

Joseph A. Lorano , Plaintiff(s)

v.

Town of Swampscott Et Al , Defendant(s)

## SUMMONS

To the above named Defendant: TOWN OF SWAMPSCOTT, TOWN HALL

You are hereby summoned and required to serve upon Joseph A. Lorano

plaintiff's attorney, whose address is 78 C. Pine St. Swampscott, MA. 01907 , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

Salem either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the

8th day of May , in the year of our Lord two thousand 02

TRUE ATTEST COPY Thomas H. Driscoll Jr.
Clerk

LS

DEPUTY SHERIFF

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each
   defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your
attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX. ss.

**D**

SUPERIOR COURT
CIVIL ACTION
No. 2 3890

.......... *Joseph  A.  Losano* .........., Plaintiff(s)

v.

.......... *Town  of  Swampscott  Et Al*, Defendant(s)

## SUMMONS

To the above named Defendant: *CHIEF  OF  POLICE  RONALD  MADIGAN*

You are hereby summoned and required to serve upon *Joseph  A.  Losano*

plaintiff's attorney, whose address is *78 C. Pine St. Swampscott, MA. 01907* , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

_____ *Salem* _____ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the

*8th* day of *May* , in the year of our Lord two thousand *02*

**TRUE ATTEST COPY**

**DEPUTY SHERIFF**

*Thomas H. Driscoll Jr.*

Clerk

LS

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

MAY 3 0 2002

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.



SUPERIOR COURT
CIVIL ACTION
No.   2 0890

Joseph A. Losano ........................., Plaintiff(s)

v.

Town of Swampscott ET AL, Defendant(s)

## SUMMONS

To the above named Defendant: FORMER POLICE CHIEF JOHN TOOMEY

You are hereby summoned and required to serve upon JOSEPH A. LOSANO,

plaintiff's attorney, whose address is 78 C. PINE ST. SWAMPSCOTT, MA. 09907 , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

SALEM either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the

8th day of MAY , in the year of our Lord two thousand 82

TRUE ATTEST COPY   *Joe Manley* *Thomas H. Driscoll Jr.*

DEPUTY SHERIFF 705                                      Clerk

5/20/89

(LS)

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

COMMONWEALTH OF MASSACHUSETTS

|  |  |
|---|---|
| JOSEPH A. LOSANO,<br><br>     Plaintiff<br><br>     V.<br><br>THE TOWN OF SWAMPSCOTT, JOHN<br>TOOMEY, AS FORMER CHIEF OF POLICE, OF<br>THE TOWN OF SWAMPSCOTT, and in his<br>individual capacity. RONALD MADIGAN, AS<br>FORMER CAPTAIN, NOW CHIEF OF POLICE,<br>IN THE TOWN OF SWAMPSCOTT, and in his<br>individual capacity. GARY LORD, SGT. IN THE<br>TOWN OF SWAMPSCOTT, and in his individual<br>capacity, and WILLIAM WATERS, AS FORMER<br>PATROLMAN, NOW SGT. IN THE TOWN OF<br>SWAMPSCOTT, and in his individual capacity.<br><br>     Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     **COMPLAINT AND JURY DEMAND**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

NOW COMES the plaintiff, Joseph Losano, and alleges as follows:

## I.    JURISDICTION

1. Plaintiff seeks money damages for the violation of his First, Fourth and Fourteenth Amendment rights pursuant to the Civil Rights Act of 1871, 42 U.S.C. & 1983 and various state law causes of action. Jurisdiction is conferred upon pursuant to 28 U.S.C. & 1331 and 28 U.S.C & 28 U.S.C & 1343(3).

2. Jurisdiction over the supplemental state law claims is covered by 28 U.S.C. & 1367(a).

## II.    PARTIES

3. Plaintiff Joseph A. Losano (" Plaintiff") resides at 78C Pine Street, Swampscott, Massachusetts.

4. Defendant John Toomey (". Toomey") Former Chief of Police for Swampscott, of the Town of Swampscott, Massachusetts. At all relevant times, Toomey was acting under color of law and within the scope of his employment as Chief of Police.

5. Defendant Ronald Madigan ("Madigan") was Captain is now Chief of Police for Swampscott, of the Town of Swampscott, Massachusetts. At all relevant times, Madigan was acting under color of law and within the scope of his employment at that time as Captain on the police force.

6. Defendant Gary Lord ("Lord") Sergeant in the Swampscott Police Department, of the Town of Swampscott, Massachusetts. At all relevant times, Lord was acting under color of law and within the scope of his employment as Sergeant on the police force.

7. Defendant William Waters ("Waters") was a Patrol Police officer is now Sergeant in the Swampscott Police Department, of the Town of Swampscott, Massachusetts. At all relevant times, Waters was acting under color of law and within the scope of his employment as a Police officer.

### III.    STATEMENT OF FACTS

8. In June 1999, Lord was informed about an alleged firearm incident from Swampscott resident William Grizzell ("Grizzell") who resides at 7 Superior St. Swampscott, Massachusetts, during a dinner.

9. Lord never reported to his superior(s) or investigated the alleged incident until May of 2000.

10. In September 1999, Plaintiff received notice from the Civil Service Commission that Plaintiff was Number 2 on the Civil Service for possible appointment to the Swampscott Police Department. A copy of Civil Service card is attached hereto, as exhibit "A."

11. In early April 2000, Plaintiff did notify the Swampscott Police Department that Plaintiff was interested in becoming a police officer.

12. Within a week or two of Plaintiff's notification, Plaintiff spoke to a Swampscott police officer Richard Blake who informed him that Toomey was looking for an excuse to keep Plaintiff from getting on the police force.

13. Lord states in a Civil Deposition (6/28/00) and Lynn District Court trial transcripts (7/7/00) that he spoke to Grizzell in April of the year 2000, about the alleged Williams's incident. Grizzell states that he told Lord about the alleged incident during a dinner; back in June of 1999.

14. On May 4, 2000, Officer William Waters ("Waters") a Swampscott police officer interviews Grizzell during a routine police background investigation. Grizzell never mentions Williams's incident.

15. On May 8, 2000, Waters, pursuant to instructions from his superior, Sergeant Lord, interviewed one Louis Williams ("Williams") regarding an alleged assault on Williams by Plaintiff.

16. Waters, knowing of Toomey's desire to keep Plaintiff from securing a position with the Swampscott Police Department, intentionally misrepresented the statement given by Williams and

knowingly and intentionally wrote a false report indicating that Williams accused Plaintiff of assaulting him by "brandishing" a handgun.

17. Shortly thereafter, Madigan was instructed by Toomey to interview Plaintiff. At that time, Madigan and Toomey were aware of the information in Water's report.

18. On May 10, 2000, Madigan asked (after naming the alleged victim) if Plaintiff had brandished a handgun under the circumstances described by Waters. Plaintiff denied it ever happened. At no time during the job interview with Plaintiff did Madigan advise Plaintiff that this was a criminal investigation. Madigan also did not advise Plaintiff's right to counsel or give any Miranda warnings, nor was he instructed to do so by Toomey.

19. During the course of the same interview, Madigan told Plaintiff that Toomey was considering revoking his license to carry a firearm. But, in the same conversation, if Plaintiff withdrew from the Swampscott hiring processes and applied for a position with a "bigger police department that has a SWAT team", they would be happy to recommend Plaintiff and would "forget about the Williams incident."

20. On May 15, 2000, The Plaintiff's attorney did have two phone contacts with Toomey. The first contact Toomey stated to Plaintiff's attorney that Plaintiff put a firearm to Williams's head while he sat in his truck.

21. Later on in the day, on May 15, 2000, Plaintiff's attorney contacted Toomey and relays Plaintiff's denial of the second charge. Toomey stated that Plaintiff should withdraw for a year and would be able to reapply then.

22. On May 30, 2000, Toomey sent Plaintiff a letter stating that he was revoking Plaintiff's license to carry a firearm for the reason that, " An incident has been brought to my attention in which you brandished a firearm toward an individual and assaulted that individual, placing him in imminent fear." See copy of revocation letter attached hereto, as exhibit "B."

23. Also by memorandum dated May 30, 2000, Toomey informed the Department of Personnel Administration, Public Safety Certification Unit, that Plaintiff was bypassed for an appointment to the Swampscott Police Department. See copy of bypass letter attached hereto, as exhibit "C."

24. Toomey, on or about May 30, 2000, recommended to the Swampscott Board of Selectmen eleven people to be appointed to the Swampscott Police Department - ten of whom were below Plaintiff on the list.

25. The Board of Selectmen unanimously accepted Toomey's recommendation and hired the first four people whom the chief recommended – three of whom were below Plaintiff on the Civil Service List.

26. On June 8, 2000, the plaintiff's attorney notified Toomey that he was filing a complaint with the Lynn District Court seeking judicial review of the license revocation and that a hearing on a Temporary Restraining Order was going to be held on June 9, 2000, at 2:00 P.M

27  On June 13, 2000, Toomey, for the first time, told Madigan to file a Criminal Complaint against Plaintiff in the Lynn District Court for assault with a dangerous weapon as a result of the alleged Williams incident. Toomey took this action in retaliation for the plaintiff's exercise of his constitutional right to contest Tommey's revocation of his firearm license.

28  At no time previous had Toomey authorized the issuance of a Criminal Complaint against Plaintiff.

29  Prior to the issuance of the Criminal Complaint, neither the defendant Toomey nor anyone on his behalf was requested to obtain additional clarifying information from Williams or to talk with any other possible witness (es) in order to obtain corroboration of William's story, or to visit the scene of the alleged crime.

30  The trial regarding the reinstatement of the gun permit commenced on July 28, 2000, before Judge Wexler , and continued for two additional non-consecutive days, ending September 7, 2000.

31. Williams testified on the first day of the trial that sometime in the winter of 1994 or 1995 at approximately 11:00 P.M., he was following an automobile, which he later found was driven by Plaintiff. Williams further testified that at the time of the incident, he followed the car down a dead end street (Lombard Terrace) where Plaintiff lived to drop off some fishing equipment for Paul Whidden, an employee of Williams. It was dark at the time. Lombard Terrace is a narrow street, wide enough for only one car. There was further testimony by Williams that he got out of his truck without identifying himself to get something in the back of his truck. Williams stated he then turned around and saw a gun by Plaintiff's side. The gun was never pointed or waved at him or raised from Plaintiff's side. Williams identified himself, and Plaintiff said, "Okay", and walked into the house. There was no intent on the part of the Plaintiff to assault Williams. In fact, Williams never reported the incident to the police. Williams further testified that he never told Waters that the Plaintiff brandished a firearm.

32. After the first day of trial, counsel for Toomey offered to settle the case by agreeing: (1) to immediate reinstatement of Plaintiff's firearm license; (2) Give back Plaintiff's firearm; (3) Recommend Plaintiff # 1 for a Police officer position next year; (4) **Ask the Town of Swampscott** to pay for Plaintiff's legal bills; and (5) dismissing the criminal complaint against Plaintiff. This only if the plaintiff released Toomey and the Town of Swampscott of all civil liability. Plaintiff rejected said proposal in a letter dated August 7, 2000, a copy of which is attached hereto as Exhibit "D."

33. In reference to the criminal action filed against Plaintiff, by the defendant (Toomey), Plaintiff was required to appear in the Lynn District Court as part of his post- arraignment release on nine separate occasions. This before the prosecutor finally dismissed the complaint, because they had no evidence that the Plaintiff committed a criminal act. A copy of the docket sheet is attached hereto, as Exhibit "E." According to Judge Wexler the incident was not an assault or an improper use of a firearm. A copy of the decision is attached hereto as exhibit "F."

## CONSTITUTIONAL CLAIMS

### COUNT I

34. Plaintiff's rights were violated under U.S. and State constitutional rights.

35. As a result of the concerted actions of Defendants; Plaintiff was subjected to unfounded criminal charges in retaliation for having pursued his clearly established First Amendment right to legal redress with respect to the revocation of his gun license.

36. Retaliatory filing of criminal charges against the Plaintiff for the exercise of his right of access to the courts violated Plaintiff's clearly established First Amendment rights.

### COUNT II

37. As a result of the concerted actions of Defendants: Plaintiff was deprived of his right to be considered as a candidate for the Swampscott Police Department through a fair and unbiased process.

### COUNT III

38. As a result of the concerted actions of Defendants: The filing of unfounded criminal charges against the plaintiff, Plaintiff was injured in his reputation and simultaneously suffered the loss of public employment. Plaintiff was suspended from his usual duties in the Air Force Security Police and from his job as a substitute teacher in the Peabody School System, and a loss of plaintiff's Motor Vehicle.

### COUNT IV

39. As a result of the concerted actions of Defendants; Plaintiff was subjected to unfounded criminal charges, which were later dismissed. Plaintiff's Fourth Amendment right to be free from an unreasonable seizure was violated through his compelled appearance on nine different occasions to defend against the unfounded charges.

### STATE LAW CLAIMS

40. Plaintiff hereby realleges the contents of Paragraphs I, II, and III, and by this reference incorporates them herein.

41. The above stated facts give rise to state claims for conspiracy, negligent infliction of emotional distress, defamation, abuse of process, and malicious prosecution.

42. The above- stated facts give rise to a violation of Plaintiff's state constitutional rights.

## PRAYER FOR RELIEF

43. Plaintiff hereby realleges the contents of Headings I-III and by this reference incorporates them herein.

44. As a proximate cause of the violation of the common law torts, state constitutional violations, and federal constitutional violations, Plaintiff has suffered humiliation, degradation, lost wages, and future anticipated earnings.

WHEREFORE, Plaintiff prays for damages as follow:

1. General damages in an amount to be proven at trial;

2. Punitive damages in amount to be proven at time of trial;

3. Reasonable costs and attorney's fees;

4. The Town of Swampscott be ordered to appoint Plaintiff as a police officer in the Town of Swampscott, Massachusetts;

5. Whatever additional equitable relief the court shall deem to be just and appropriate.

Dated this _9_ day of May, 2002

By Plaintiff, Joseph A. Losano

Joseph A. Losano
78 C. Pine Street
Swampscott, Ma. 01907
C# 781- 856-4651

**HUMAN RESOURCES DIVISION**

EEG. NO.          DATE OF CERT
200300    04/00/00

THIS IS AN EMPLOYMENT INTERVIEW NOTICE FOR
10 PERMANENT RESERVE POLICE
OFFICER
APPOINTEE MUST: HAVE A VALID
DRIVERS LICENSE; MEET HEALTH
FITNESS STANDARDS WHILE EMPLOYED;
BE REMOVED FROM ELIGIBLE LIST
LOCATION:  SWAMPSCOTT



IF YOU DESIRE TO BE CONSIDERED, REPORT IN PERSON TO:
JOHN E. TOOMEY, CHIEF
SWAMPSCOTT POLICE DEPARTMENT
86 BURRILL STREET
SWAMPSCOTT 019
ON OR BEFORE:
       APRIL 19,2000

JOSEPH A LOSANO
78 PINE STREET
SWAMPSCOTT MA 01907

07

SEE REVERSE SIDE OF THIS FORM FOR FURTHER INFORMATION

# EXHIBIT "A"



THE COMMONWEALTH OF MASSACHUSETTS
EXECUTIVE OFFICE FOR ADMINISTRATION AND FINANCE
## HUMAN RESOURCES DIVISION
ONE ASHBURTON PLACE, BOSTON, MA 02108

ARGEO PAUL CELLUCCI
Governor

JANE SWIFT
Lieutenant Governor

STEPHEN P. CROSBY
Secretary

JAMES J. HARTNETT, JR.
Personnel Administrator

June 28, 2000

Mr. Joseph Losano
78 Pine Street
Swampscott, MA 01907

RE:   Certification #:  200398

Dear Mr. Losano:

Enclosed please find a copy of a letter from the appointing authority bypassing you for selection from Certification number 200398 for the position of Police Officer.. An appointing authority has the discretion of appointing candidates in accordance with the applicable laws and rules outlined under Chapter 31, of the Massachusetts General Laws and the Personnel Administration Rules.  Personnel Administration Rule .09 (PAR .09), states the selection process must be made using the ratio of 2n+1 where "n" equals the number of positions being filled.

When an appointing authority has bypassed a candidate they must submit to this office the positive reasons for selecting a candidate ranked lower on the certification.  The appointing authority may also submit the negative reasons for not selecting the bypassed candidate.

A review of the enclosed reason(s) has(have) been found by the Human Resources Division to meet the standards for bypass, pursuant to Rule .08 of the Personnel Administration Rules.

You may appeal this determination to the Civil Service Commission, One Ashburton Place, Boston, MA 02108.

Sincerely,

*Denise Y Grace Singleton*

Denise Y. Grace-Singleton
Paralegal Specialist
Test Administration

**EXHIBIT "C"**

Enclosure



TOWN OF SWAMPSCOTT

# Police Department

86 Burrill Street
Swampscott, Mass. 01907

Tel: (781) 595-1111
Fax: (781) 598-9650



**JOHN E. TOOMEY**
CHIEF OF POLICE

To:  Department of Personnel Administration, Public Safety Certification Unit

From:  Chief John E. Toomey- Swampscott Police Department

Date:  5/30/00

To Whom It May Concern:

The following candidates were bypassed for the following reasons:

**Joseph A. Losano:**

- Currently under investigation by this department for assault with a dangerous weapon (handgun). License to carry to be revoked. Charges may be pending.
- During the interview process Mr. Losano denied that the incident took place despite the victim's statement.
- Past incident of an assault and battery where information on incident given during interview is contradictory to witness statements.
- Background investigation by another police agency revealed that they questioned Mr. Losano's ability to "handle the authority" of being a police officer. This department agrees.

TOWN OF SWAMPSCOTT

# Police Department

85 Burrill Street
Swampscott. Mass. 01907

Tel: (781) 595-1111
Fax: (781) 598-9650



**JOHN E. TOOMEY**
CHIEF OF POLICE

June 8, 2000

Human Resources Division
1 Ashburton Place
Boston, MA 02108

Dear Sir:

Here are the selection reasons for the following reserve candidates who were selected and whose name was not the highest.

1. **Jonathan Locke-** Mr. Locke was selected because he is presently a police officer in the Town of Nahant and as shown a commitment to law enforcement. The chief of police in Nahant spoke very highly of his ability to perform the job. In the background investigation all parties interviewed including co-workers spoke highly of his ability to get along with others.

2. **Saverio Caruso-** Mr. Caruso was selected because he was truthful and honest during the interview process. All parties interviewed described him to be fair, honest and intelligent. Mr. Caruso has also shown a commitment to better himself by obtaining a degree in Sociology that will assist him in dealing with social issues encountered in police work.

3. **Rose Cheever-** Ms Cheever was selected because her employer made positive comments in regards to her work ethic. She has received her paralegal degree and works for a local law firm. Her interview showed her to be professional in both her appearance and conduct.

4. **Carolyn Delano**- Mrs. Delano was selected because every part of the background investigation showed her to be a true asset to the police department. She is presently a supervisor for the Eastern Bank and has demonstrated a commitment to honesty and professionalism.

5. **Paul Dube**- Mr. Dube was selected because he was shown to be a courteous person with a good work/job history. He is also enrolled to receive his bachelor's degree in criminal justice, which will be an asset to the Swampscott police department.

6. **Dana Fraser**- Mr. Fraser was selected because he showed during the background check to possess several qualities necessary for police work. He was shown to be level headed, self-motivated, and honest. He has also taken and completed a 16-week reserve officer training course and will also be an asset to the department.

7. **Michael Lyttle**- Mr. Lyttle was selected because he was truthful and honest during the background and interview process. He is also employed as a supervisor at the Middleton Jail, which shows us a commitment to his present job and the abilities required to be a supervisor.

8. **Jeffrey Marsh**- Mr. Marsh was selected for several reasons. One of the reasons is that he has worked for us for several years as a special police officer and demonstrated that he is an honest, levelheaded young man. Mr. Marsh is also a Lieutenant on the Swampscott Fire Department, which demonstrates again that he possesses qualities needed to also be a police officer.

9. **Frank Perry III**- Mr. Perry was selected because his background check showed him to be an honest, levelheaded and professional person. He has also shown a commitment to Criminal Justice. He is presently employed as a corrections officer, attended and completed a 16 week reserve police officer school, and is presently studying for his bachelor's degree in Criminal Justice.

10. **Brian Wilson**- Mr. Wilson was selected because he has no criminal record and was shown to be truthful and honest during his interview. He is presently working towards his bachelor's degree in Criminal Justice.

LAW OFFICES OF
J. MARVIN R. FINN

TEL 781-592-5555
FAX 781-581-5553



SEAPORT LANDING - PO BOX 709
152 THE LYNNWAY SUITE 9A
LYNN, MA 01903

August 7, 2000

BY FAX & MAIL

Sandra Charton, Esquire
Kopelman & Paige, PC
31 St. James Avenue
Boston, MA 02116

Re:   Joseph Losano v. John Toomey
      Lynn District Court, C.A. No. 0013CV0879

Dear Ms. Charton:

      This letter is in response to Chief Toomey's offer to settle this
matter on the following terms.

          1.  by immediately rescinding the revocation of
              my client's firearms license

          2.  by dismissing the criminal complaint for assault
              against my client

          3.  by my client's furnishing the Town of Swampscott and
              Chief Toomey with a general release, which general release
              would contain language allowing my client to continue with
              his civil service appeal of Chief Toomey's bypass.

      I have discussed this matter extensively with my client, and he
rejects Chief Toomey's offer. As I told you, my client may be willing to change his
position if his attorney's fees and expenses are paid for by the Town of
Swampscott or by Chief Toomey. As you know, substantial costs have been
incurred by both sides for depositions, subpoenas, and trial transcripts,
not to mention the extensive number of hours involved by counsel.

      I would hope that you would discuss this matter not only with
Chief Toomey again, but also with the Board of Selectmen.

                                    Very truly yours,

                                    MARVIN R. FINN

MRF:bds

# EXHIBIT "D"

# CRIMINAL DOCKET

DOCKET NO. **0013CR003021**

ATTORNEY NAME

| COURT DIVISION | | | | DATE and JUDGE | DOCKET ENTRY |
|---|---|---|---|---|---|
| Lynn | ☐ INTERPRETER REQUIRED | | | | |

**NAME, ADDRESS AND ZIP CODE OF DEFENDANT**

LOSANO, JOSEPH
78C PINE STREET
SWAMPSCOTT, MA 01907

## ORIGINAL

Docket Entry:
- ☐ Attorney appointed (SJC R. 3:10)
- ☐ Atty denied and Deft Advised per 211C §2A
- ☐ Waiver of counsel found after colloquy

**Terms of release as set:**
- ☐ PR  ☐ Bail
- ☐ Held (276 §58A)
- ☐ See back for special conditions

| DEFT DOB AND SEX | |
|---|---|
| 06/04/1966 | M |

**Arraigned and advised:**
- ☐ Recantal of bail revocation (276 §58)
- ☐ Right to bail review (276 §58)
- ☐ Right to drug exam (111E §10)

| DATE OF OFFENSE(S) | PLACE OF OFFENSE(S) |
|---|---|
| 06/14/2000 | |

**Advised of right to jury trial:**
- ☐ Does not waive
- ☐ Waiver of jury trial found after colloquy

| COMPLAINANT | POLICE DEPARTMENT (if sponsor) |
|---|---|
| CASSIDY, TIMOTHY | SWAMPSCOTT PD |

| DATE OF COMPLAINT | RETURN DATE AND TIME |
|---|---|
| 06/15/2000 | 07/12/2000 09:00:00 |

☐ Advised of trial rights as pro se (Subd. R. 4)

☐ Advised of right of appeal to Appeals Ct (R. 28)

| COUNT/OFFENSE | | | FINE | SURFINE | COSTS | RESTITUTION | VW ASSESSMENT |
|---|---|---|---|---|---|---|---|
| 1. 265/15B/A ASSAULT W/DANGEROUS WEAPON c265 §15B | | | | | | | ☐ WAIVED |

| DISPOSITION DATE and JUDGE | | SENTENCE OR OTHER DISPOSITION |
|---|---|---|

SENTENCE OR OTHER DISPOSITION
- ☐ Sufficient facts found but continued without guilty finding until:
- ☐ Probation   ☐ Pretrial Probation (276 §87) - unsl.
- ☐ To be dismissed upon payment of court costs/restitution
- ☐ Dismissed upon: ☐ Request of Comm.  ☐ Request of Victim
  - ☐ Request of Deft  ☐ Failure to prosecute  ☐ Other:
- ☐ Filed with Deft's consent  ☐ Nolle Prosequi  ☐ Decriminalized (277 §70C)

**DISPOSITION METHOD**
- ☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §290 warning
- ☐ Bench Trial
- ☐ Jury Trial
- ☐ None of the Above

**FINDING**
- ☐ Not Guilty
- ☐ Guilty
- ☐ Not Responsible
- ☐ Responsible
- ☐ No Probable Cause
- ☐ Probable Cause

| FINAL DISPOSITION | JUDGE | DATE |
|---|---|---|
| ☐ Dismissed on recommendation of Probation Dept. ☐ Probation terminated: defendant discharged | | |

| COUNT/OFFENSE | | | FINE | SURFINE | COSTS | RESTITUTION | VW ASSESSMENT |
|---|---|---|---|---|---|---|---|
| | | | | | | | ☐ WAIVED |

| DISPOSITION DATE and JUDGE | | SENTENCE OR OTHER DISPOSITION |
|---|---|---|

SENTENCE OR OTHER DISPOSITION
- ☐ Sufficient facts found but continued without guilty finding until:
- ☐ Probation   ☐ Pretrial Probation (276 §87) - unsl.
- ☐ To be dismissed upon payment of court costs/restitution
- ☐ Dismissed upon: ☐ Request of Comm.  ☐ Request of Victim
  - ☐ Request of Deft  ☐ Failure to prosecute  ☐ Other:
- ☐ Filed with Deft's consent  ☐ Nolle Prosequi  ☐ Decriminalized (277 §70C)

**DISPOSITION METHOD**
- ☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §290 warning
- ☐ Bench Trial
- ☐ Jury Trial
- ☐ None of the Above

**FINDING**
- ☐ Not Guilty
- ☐ Guilty
- ☐ Not Responsible
- ☐ Responsible
- ☐ No Probable Cause
- ☐ Probable Cause

| FINAL DISPOSITION | JUDGE | DATE |
|---|---|---|
| ☐ Dismissed on recommendation of Probation Dept. ☐ Probation terminated: defendant discharged | | |

| COUNT/OFFENSE | | | FINE | SURFINE | COSTS | RESTITUTION | VW ASSESSMENT |
|---|---|---|---|---|---|---|---|
| | | | | | | | ☐ WAIVED |

| DISPOSITION DATE and JUDGE | | SENTENCE OR OTHER DISPOSITION |
|---|---|---|

SENTENCE OR OTHER DISPOSITION
- ☐ Sufficient facts found but continued without guilty finding until:
- ☐ Probation   ☐ Pretrial Probation (276 §87) - unsl.
- ☐ To be dismissed upon payment of court costs/restitution
- ☐ Dismissed upon: ☐ Request of Comm.  ☐ Request of Victim
  - ☐ Request of Deft  ☐ Failure to prosecute  ☐ Other:
- ☐ Filed with Deft's consent  ☐ Nolle Prosequi  ☐ Decriminalized (277 §70C)

**DISPOSITION METHOD**
- ☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §290 warning
- ☐ Bench Trial
- ☐ Jury Trial
- ☐ None of the Above

**FINDING**
- ☐ Not Guilty
- ☐ Guilty
- ☐ Not Responsible
- ☐ Responsible
- ☐ No Probable Cause
- ☐ Probable Cause

| FINAL DISPOSITION | JUDGE | DATE |
|---|---|---|
| ☐ Dismissed on recommendation of Probation Dept. ☐ Probation terminated: defendant discharged | | |

| COUNT/OFFENSE | | | FINE | SURFINE | COSTS | RESTITUTION | VW ASSESSMENT |
|---|---|---|---|---|---|---|---|
| | | | | | | | ☐ WAIVED |

| DISPOSITION DATE and JUDGE | | SENTENCE OR OTHER DISPOSITION |
|---|---|---|

SENTENCE OR OTHER DISPOSITION
- ☐ Sufficient facts found but continued without guilty finding until:
- ☐ Probation   ☐ Pretrial Probation (276 §87) - unsl.
- ☐ To be dismissed upon payment of court costs/restitution
- ☐ Dismissed upon: ☐ Request of Comm.  ☐ Request of Victim
  - ☐ Request of Deft  ☐ Failure to prosecute  ☐ Other:
- ☐ Filed with Deft's consent  ☐ Nolle Prosequi  ☐ Decriminalized (277 §70C)

**DISPOSITION METHOD**
- ☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §290 warning
- ☐ Bench Trial
- ☐ Jury Trial
- ☐ None of the Above

**FINDING**
- ☐ Not Guilty
- ☐ Guilty
- ☐ Not Responsible
- ☐ Responsible
- ☐ No Probable Cause
- ☐ Probable Cause

| FINAL DISPOSITION | JUDGE | DATE |
|---|---|---|
| ☐ Dismissed on recommendation of Probation Dept. ☐ Probation terminated: defendant discharged | | |

☐ ADDITIONAL COUNTS ATTACHED

| A TRUE COPY ATTEST | X | CLERK-MAGISTRATE/ASST. CLERK | ON DATE: | COURT ADDRESS Lynn District Court 580 Essex Street Lynn, MA 01901 |
|---|---|---|---|---|

**EXHIBIT "E"**

DOCKET NUMBER: 0013CR003021   NAME: LOSANO, JOSEPH

## SCHEDULING HISTORY

| NO. | SCHEDULED DATE | SCHEDULED EVENT | RESULT | | | JUDGE | TAPE NO. | START | ST |
|-----|----------------|-----------------|--------|--|--|-------|----------|-------|-----|
| 1 | 7-12-00 | ARR | ☐ Held ☐ Cont'd | 8-15-00 PT | | Mori | 552 | 005 | |
| 2 | 8-15-00 | PT | ☐ Held ☑ Cont'd | 9-12-00 PT | | Aroly | 670 | 47 | |
| 3 | 9-12-00 | PT | ☐ Held ☐ Cont'd | 9-14-00 PT | | Laing | 726 | 400 | |
| 4 | 9-14-00 | PTH | ☑ Held ☐ Cont'd | 10-19-00 SR #2 | | Jehasp | 742 | 490 | |
| 5 | 10-19-00 | SR | ☐ Held ☑ Cont'd | 11-20-00 SR # 2 | | Buckly | 839 | 478 | |
| 6 | 11-20-00 | SR | ☐ Held ☐ Cont'd | 12-22-00 - SR#2 | | Lauregan | 920 | 600 | |
| 7 | 12-22-00 | PR | ☐ Held ☑ Cont'd | 1-12-01  BT  no waut/ Lauganos | | | 1010 | 420 | |
| 8 | 1-11-01 | BF- | ☐ Held ☑ Cont'd | 1-18-01  BT #2 | | Laing | 017 | 509 | |
| 9 | 1-18-01 | BF | ☐ Held ☐ Cont'd | dismissal | | Laing | 034 | 075 | |
| 10 | | | ☐ Held ☐ Cont'd | | | | | | |

ARR=Arraignment  PT=Pretrial hearing  CE=Discovery compliance and jury election  T=Bench trial  J=Jury Trial  PC=Probable cause hearing  M=Motion hearing  SR=Status re
SRP=Status review of payments  FA=First appearance in jury session  S=Sentencing  CW=Continuance-without-finding scheduled to terminate  P=Probation scheduled to termi
DFTA=Defendant failed to appear and was defaulted  WAR=Warrant issued  WARD=Default warrant issued  WR=Warrant or default warrant recalled  PR=Probation revocation he

## OTHER DOCKET ENTRIES

| ENTRY DATE | |
|------------|--|
| 9/6/00 | MOTION TO DISMISS, Filed |
| 9/7/00 | MOTION TO DISMISS FOR Hearing 9/14/00 Rm 2 |
| 9-20-00 | B/F - 2nd Session |
| 9-27-00 | Mot to dism - Copies mailed to all parties. m |
| 1-11-01 | B/F by atty - 2nd session - Motion to Quash subpe |
| | |
| | |
| | |
| | |
| | |

## ADDITIONAL ASSESSMENTS IMPOSED OR WAIVED

| DATE IMPOSED and JUDGE | TYPE OF ASSESSMENT | AMOUNT | DUE DATES and COMMENTS | ✓WAI |
|------------------------|--------------------|--------|------------------------|------|
| | Legal Counsel Fee (211D §2A ¶2) | | | |
| | Legal Counsel Contribution (211D §2) | | | |
| | Court Costs (280 §6) | | | |
| | Drug Analysis Fee (280 §6B) | | | |
| | OUI §24D Fee (90 §24D ¶9) | | | |
| | OUI Head Injury Surfine (90 §24[1][a][1] ¶2) | | | |
| | Probation Supervision Fee (276 §87A) | | | |
| | Default Warrant Assessment Fee (276 §30 ¶2) | | | |
| | Default Warrant Removal Fee (276 §30 ¶1) | | | |
| | | | | |
| | | | | |

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS

DISTRICT COURT
LYNN DIVISION
13CV0873

JOSEPH LOSANO,
        PLAINTIFF,

    V.

JOHN TOOMEY,
        as he is the CHIEF OF POLICE OF
        THE TOWN OF SWAMPSCOTT
            DEFENDANT.

## FINDINGS OF FACT, RULINGS OF LAW AND FINAL JUDGMENT

This is a judicial review pursuant to M.G.L.ch 140, Section 131 of the decision of the defendant John Toomey, as he is the Chief of Police of the Town of Swampscott ("the defendant) to revoke the license to possess a firearm held by the plaintiff Joseph Losano ("Losano").

As was noted in Ruggerio, v. Police Commissioner of Boston, 18 Mass. App. Ct. 256, 258-59(1984):

The goal of firearms control legislation is to limit access to deadly weapons by irresponsible persons.....

Consistent with these aims, Section 131 describes those persons who, because of immaturity, antisocial behavior, or status as an alien are deemed improper persons to obtain licenses.....That inquiry requires that the licensing authority first ascertain whether the applicant is a "suitable person" to possess a firearm.  If satisfied...the licensing authority then must inquire whether the applicant can demonstrate a "proper purpose" for carrying a firearm...In performing its task, the licensing authority is given considerable latitude.  As was noted in Chief of Police of Shelburne v. Moyer, 16 Mass. App. Ct. 543, 546 (1983), "[t]o warrant a finding that the chief of police had no reasonable ground for refusing to issue a license it must be shown that the refusal was arbitrary, capricious or an abuse of discretion.

In Godfrey v. Chief of Police of Wellesley, 35 Mass. App. Ct. 42, 44-45 (1993), the Court stated:

Although Section 131 gives the proceedings the "judicial review" denomination, the statute contemplates an evidentiary hearing.  It directs that a decision be made "after

EXHIBIT "F"

having heard all of the facts. "That is not to say, however, that the purpose of the hearing is to allow for a reversal of the chief's decision on the basis of a difference of opinion as to how he should have exercised the broad discretion conferred upon him by Section 131. The District Court proceedings are narrow in scope, and the question for determination is whether, on all the facts, "there was [a] reasonable ground for revoking said license

The standard for judicial review of license revocations is the same as the standard for judicial review of license applications and renewals. Godfrey, supra, at 47.

Losano first received his license to carry a firearm in 1993. The license had been renewed in 1997. Losano is presently an applicant for a position on the Swampscott Police Department. In September of 1997, Losano was notified by the Civil Service Commission that he was number two on the Civil Service List for appointment to Swampscott Police Deparmtnet. In April of 2000, Losano notified the Swampscott Police Department that he wished to be considered for positions which were then open. In connection with that application which was filed on or about April 20, 2000, the defendant conducted a background examination of the plaintiff. Losano was number two on the Civil Service List.

In connection with that background examination, Officer William A. Waters interviewed a Lewis Williams on May 8, 2000. In this interview Waters told Williams that Waters was investigating Losano and that the police had heard of an incident involving Losano and Williams.

At the hearing before this Court, Williams testified that he had told Waters that incident had taken place in 1995 at approximately ten o'clock in the evening. Williams testified that he had pulled up behind Losano's truck, that Williams did not know it was Losano, that Losano got out of his truck, that Losano had his gun by his side, that Losano said "what's up", Williams stated "whoa" and he identified himself and that Losano said "okay" and that was the end of the incident.

As a result of the interview with Williams, Waters wrote a report which stated:

Went to 7 Blorey Circle, Swampscott Mass. To follow up an incident between Lou Williams and Joe Losano.

Lou Williams stated the following chain of events.

At around 0300 hrs in the winter time in 1998, he was driving in his pickup truck to Losano's residence to pick up one of his [Losano's] roommates Paul Whiden. Whiden was working for Williams on his fishing boat

Noticed that a vehicle was in front of him on Pine St and turned onto Lombard Terrace. Williams followed the vehicle not knowing the operator was Joe Losano.

Williams stated he stopped his truck and exited to adjust some fishing gear in the bed of

his pickup.

The next thing he knew, he observed Losano exit his vehicle brandishing a handgun

Williams threw his hands up and stated to Losano, Woe!!  I'm just picking up Paul for work.

He stated Losano stated, "that's good, that good.

Williams felt he didn't make any threatening actions or gestures that would warrant such a response by Losano

During the course of the interview, Waters did not ask Williams whether he was in fear of bodily harm or why Williams had not sought to swear out a criminal complaint. Further, during the interview, Williams simply stated that Losano had shown an handgun. Waters did not know how Losano had "brandished" the handgun. Waters did not interview Whiden.

The Waters report obviously contains information which is different from William's testimony before this Court as to the year and time of the incident. In addition, the use of the word "brandishing" would not be an accurate description of Losano's actions as described by Williams before this Court.

After Waters completed his interview, he gave a copy of his report to Seargeant Lord of the Swampscott Police Department. Subsequent to the report being given to Lord, Lord informed Captain Ronald Maddigan of the report. At approximately the same time, the defendant was told of the contents of the report, but he did not see the report until right before he made his decision to revoke Losano's license

Without having seen the Waters' report, Maddigan then interviewed Losano on or about May 12, 2000. In that interview, Losano did not recall the incident with Williams  Maddigan also asked whether it was possible that Losano had been in fear at the time of the alleged event with Williams. However, Losano said that he just did not remember the incident.

Madigan testified that the circumstances as described by Williams, which was that he simply pulled up by Losano at night on a darkened street, were not such which would warrant the display of a weapon. There was no testimony as to under what circumstances it would be appropriate to show a weapon.

Maddigan also told Losano that the defendant was considering revoking Losano's license and consulting with the district attorney about the filing of criminal charges against Losano. Maddigan also suggested that Losano apply to a larger police department which would need a SWAT team member and that Losano's prior military experience would make him a suitable

candidate for that position. It is clear that Maddigan, whether intentionally or not, was conveying the impression that any proposed adverse actions would be withdrawn if Losano sought a position on another police force.

On May 30, 2000, the defendant sent a letter to Losano which stated:

This certified letter is to inform you that effective immediately your Massachusetts License to Carry Firearms #5011391 (LTC) and your Firearms Identification Card #H764443 (FID) have been indefinitely revoked.

The authority given to me in this matter under Chapter 140, Section 131 states a persons (sic) privilege to an LTC or FID can be revoked in regards to that individuals (sic) suitability. An incident has been brought to my attention, in which you brandished your firearm towards an individual, and assaulted that individual placing him in imminent fear, which gives me reason to question your suitability to carry them. You are hereby instructed to surrender both of your current LTC and FID cards upon receipt of this certified letter. Furthermore under Chapter 140, Section 12D your (sic) are hereby required to surrender any and all firearms, rifles, shotguns, machine guns and ammunition which you currently possess unless an appeal is pending

The defendant did not interview Losano before he issued the above letter. He was of the view that Losano was lying when he stated that he did not remember the incident. The defendant testified credibly that he would not have revoked Losano's license but for the Williams incident.

Maddigan had Waters prepare a criminal complaint on June 15, 2000. This was given as a result of a directive Maddigan had received from the defendant. The defendant acknowledged that he had not directed Maddigan to file the criminal complaint until after Losano had filed this action. As of the date of the conclusion of the evidentiary phase of these proceedings those changes were still pending.

Based on the very limited scope of this Court's review of the defendant's decision, the Court affirms the action of the defendant on May 30, 2000.

At the hearing in these proceedings, Mr. Williams testified that there was an exchange with Losano on Lombard Terrace. Williams testified that the event did not take place in 1998, but rather in 1995 and that it took place at 10:00 in the evening as opposed to 3:00 in the morning.

While the testimony of what actually occurred in the alleyway was contradictory, there is substantial and credible evidence that there was an event involving Losano and Williams, in which a firearm was displayed. The Court cannot state with certainty that the events as described by Williams in these proceedings would constitute assault as described in the M.G. L. ch. 265, section 13A, that is that events would constitute either an attempt to use degree of force and an apparent intent to use force. Nor would it, in the Court's view necessarily constitute an improper

use of a fireman.

However, while the investigation was flawed and the information concerning the date, time and nature of the event was incomplete or inaccurate, the defendant had a reasonable basis for concluding that the plaintiff is not a suitable person to have a license. The Court finds that it was reasonable for the defendant to conclude that on the night in question, Losano displayed a weapon, that he did ~~not~~ so in a manner that put Williams in fear, and that Williams had not taken any action that would warrant or justify the display of a firearm.

The Court finds credible the testimony of the witnesses who testified that when Losano was asked about the Williams incident, Losano did not deny that there had been an incident but stated that he did not remember the incident. The Court does not find credible Losano's testimony that he denied the incident had occurred when interviewed by members of the Swampscott Police Department. The Court finds credible the testimony of the defendant that he did not believe Losano when Losano said that he did not remember the incident and treated that failure to recall as a denial by Losano that the incident took place. And, as the Court has found, there was credible evidence that there was an event outside of Losano's home involving Williams, in which Williams was made aware that Losano was holding a weapon. The Court finds that it would be reasonable for a licensing authority to revoke a license if the licensee did not "remember" whether he had a shown a weapon on a particular occasion or failed to provide accurate information in connection with an investigation of an alleged use of a weapon by a licensee..

While it may be that the defendant does not like Losano, the Court finds the defendant's testimony credible that if Losano had described the event, the defendant would have considered the possibility that Losano had acted appropriately. The Court further finds that, independent of the circumstances surrounding Losano's application for a position with the Swampscott Police Department, the defendant had a reasonable basis for revoking Losano's license to carry a firearm.

As to Losano's Requests for Rulings of Law, the Court rules as follows:

1. Denied;
2. Denied;
3. Denied;
4. Denied;
5. Denied;
6. Denied;
7. Denied.; and
8. Denied.

So ordered.

OCTOBER \1,2000

JAMES H. WEXLER



TOWN OF SWAMPSCOTT
# Police Department
86 Burrill Street
Swampscott, Mass. 01907

Tel: (781) 595-1111
Fax: (781) 598-9650



JOHN E. TOOMEY
CHIEF OF POLICE

May 30, 2000

Mr. Joseph A. Losano
78 C Pine St.
Swampscott, MA   01907

Dear Mr. Losano,

This certified letter is to inform you that effective immediately your Massachusetts License to Carry Firearms # 5011391 (LTC), and your Firearms Identification Card # H 764443 (FID) have been indefinitely revoked.

The authority given to me in this matter under Chapter 140, Section 131 states that a persons privilege to an LTC or FID can be revoked in regards to that individuals suitability. An incident has been brought to my attention, in which you brandished your firearm towards an individual, and assaulted that individual placing him in imminent fear, which gives me reason to question your suitability to carry them. You are hereby instructed to surrender both of your current LTC and FID cards upon receipt of this certified letter. Furthermore under Chapter 140, Section 129D your are hereby required to surrender any and all firearms, rifles, shotguns, machine guns and ammunition which you currently possess unless an appeal is pending.

Any applicant aggrieved by a revocation or suspension of a license, within 90 days after receiving notice of revocation or suspension may file a petition for a judicial review in the district court having jurisdiction in the city or town wherein the applicant filed for such license.

If you have any question regarding this matter, please contact this office.

Sincerely,

John E. Toomey
Chief of Police

EXHIBIT "B"

| **CIVIL ACTION COVER SHEET** | ⁘ 890 | **Trial Court of Massachusetts Superior Court Department** County:_____ |
|---|---|---|

PLAINTIFF(S)

JOSEPH A. LOSANO

DEFENDANT(S) TOWN OF SWAMPSCOTT (ALL FORMER CHIEF JOHN TOOMEY PRESENT CHIEF RONALD MANIGAN POLICE SGT. WILLIAM WATERS & SGT. GARY LORD

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE

JOSEPH A. LOSANO
78 C. PINE ST.
SWAMPSCOTT, MA. 01907
Board of Bar Overseers number:

ATTORNEY (if known)

### Origin code and track designation

Place an x in one box only:

☐ 1. F01 Original Complaint
☐ 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
☐ 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

☐ 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
☐ 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
☐ 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.        TYPE OF ACTION (specify)      TRACK        IS THIS A JURY CASE?

E03 _____      _____      (A)        (X) Yes      ( ) No

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . NA . . $ . . . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . .
                                                                                            Subtotal $ . . . . . . . . . . .
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . .
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . .
F. Other documented items of damages (describe)
                                                                                            $ . . . . . . . . . . .
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                                                            $ . . . . . . . . . . .
                                                                               TOTAL $ . . . . . . . . . . .

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                                                               TOTAL $. . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record _____      DATE: 5/9/02

AOTC-6 mtc005-11/99





TOWN OF SWAMPSCOTT

# Police Department

86 Burrill Street

Swampscott, Mass. 01907

Tel: (781) 595-1111
Fax: (781) 598-9650

JOHN E. TOOMEY
CHIEF OF POLICE

May 30, 2000

Mr. Joseph A. Losano
78 C Pine St.
Swampscott, MA   01907

Dear Mr. Losano,

This certified letter is to inform you that effective immediately your Massachusetts License to Carry Firearms # 5011391 (LTC), and your Firearms Identification Card # H 764443 (FID) have been indefinitely revoked.

The authority given to me in this matter under Chapter 140, Section 131 states that a persons privilege to an LTC or FID can be revoked in regards to that individuals suitability. An incident has been brought to my attention, in which you brandished your firearm towards an individual, and assaulted that individual placing him in imminent fear, which gives me reason to question your suitability to carry them. You are hereby instructed to surrender both of your current LTC and FID cards upon receipt of this certified letter. Furthermore under Chapter 140, Section 129D your are hereby required to surrender any and all firearms, rifles, shotguns, machine guns and ammunition which you currently possess unless an appeal is pending.

Any applicant aggrieved by a revocation or suspension of a license, within 90 days after receiving notice of revocation or suspension may file a petition for a judicial review in the district court having jurisdiction in the city or town wherein the applicant filed for such license.

If you have any question regarding this matter, please contact this office.

Sincerely,

John E. Toomey
Chief of Police

EXHIBIT "B"