UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH A. LOSANO,<br>    Plaintiff,<br><br>v.<br><br>JOHN TOOMEY, RONALD MADIGAN,<br>GARY LORD, WILLIAM WATERS, and<br>THE TOWN OF SWAMPSCOTT<br>    Defendants | C.A No. 02-11111-MEL |

## AMENDED COMPLAINT

1. This is an action for money damages for violations of the plaintiff's constitutional rights brought pursuant to 42 U.S.C. §1983. Plaintiff Joseph A. Losano alleges that the defendant police retaliated against him based upon the exercise of his First Amendment Rights. Plaintiff also brings claims pursuant to the Massachusetts civil rights statute, M.G.L. c. 12, §11I, and common law claims for abuse of process and malicious prosecution.

### JURISDICTION

2. Jurisdiction is based upon 28 U.S.C. §§1331 and 1343, and on the pendent jurisdiction of this court to entertain related claims arising under state law.

### PARTIES

3. Plaintiff JOSEPH LOSANO is a lifelong resident of Swampscott, Massachusetts.

4. Defendant JOHN TOOMEY is the former Chief of Police of the Town of Swampscott, who was acting under color of law at all times relative to this Complaint, and is sued in his individual capacity.

1

5. Defendant RONALD MADIGAN, is now the chief of police for the Town of Swampscott, who was acting under color of law at all times relative to this Complaint, and is sued in his individual capacity.

6. Defendant GARY LORD, is a police officer with the Town of Swampscott, who was acting under color of law at all times relative to this Complaint, and is sued in his individual capacity.

7. Defendant WILLIAM WATERS, is a police officer with the Town of Swampscott, who was acting under color of law at all times relative to this Complaint, and is sued in his individual capacity.

## FACTS

8. In September, 1999, plaintiff was notified by the Massachusetts Civil Service Commission that he was number two on the Civil Service List for appointment to the Swampscott Police Department ("the police department").

9. In April 2000, plaintiff submitted his application for one of the ten open positions within the police department.

10. Shortly after submitting his application, a member of the department approached plaintiff and told plaintiff that Chief Toomey was "looking for an excuse not to hire him."

11. The police department then commenced a background investigation regarding plaintiff.

12. According to Defendant Lord, while he was at a social event, a friend mentioned that his brother-in-law, Lou Williams, had been approached by plaintiff, and that plaintiff had a handgun. Defendant Lord did not report this information or mention the information to anyone

until at least several weeks later during the background investigation of plaintiff.

13. Based on this rumor, defendant Lord instructed defendant Officer William Waters to interview Lou Williams during the background investigation of plaintiff. Officer Waters interviewed Williams on May 8, 2000.

14. Based upon this interview, Officer Waters wrote a report, misrepresenting what Williams had said. This report alleged that Williams stated that in the winter of 1998, Losano had exited his vehicle while brandishing a handgun.

15. Williams would later testify, in July 2000, that he did not encounter plaintiff in 1998, but in the winter of 1994 or 1995, and that plaintiff never pointed or waved a gun at him. Williams also testified that he never reported this incident to the police and that "he did not think anything of" his encounter with plaintiff.

16. After completing the background investigation report, defendant Waters submitted it to defendant Lord. Defendant Lord informed defendant Madigan of the allegations therein.

17. Defendant Police Chief John Toomey instructed defendant Madigan to interview plaintiff in connection with his application to become a police officer.

18. On May 10, 2000, this interview was conducted. During the interview, defendant Madigan questioned plaintiff about the alleged 1998 incident involving the brandishing of a handgun at Williams, as alleged in defendant Waters' report. Plaintiff responded that he had no memory of such an incident.

19. At the conclusion of the interview, defendant Madigan stated that defendant Toomey was aware of the allegations in defendant Waters' report regarding the alleged

"brandishing" incident. He further stated that, based upon these allegations, Toomey was consulting the District Attorney about the filing of criminal charges, and considering revoking Losano's license to carry a firearm. Defendant Madigan then suggested that plaintiff could avoid these adverse actions if he withdrew from the hiring process. Defendant Madigan also suggested that plaintiff apply to a larger police department with a SWAT team where plaintiff's prior military experience might make him valuable, and that defendant Madigan would provide him with a recommendation for a position in another department.

20. Plaintiff, a lifelong resident of Swampscott, elected not to withdraw from the hiring process for a position on the police force in his home town.

21. Less than three weeks later, on May 30, 2000, defendant Toomey sent plaintiff a letter informing him that his firearms license had been indefinitely revoked. The letter stated, *inter alia*, "An incident has been brought to my attention, in which you brandished your firearm towards an individual, and assaulted that individual placing him in imminent fear, which gives me reason to question your suitability to carry them."

22. The same day, defendant Toomey informed the Department of Personnel Administration, Public Safety Certification Unit, that plaintiff was bypassed for an appointment to the department. Defendant Toomey recommended eleven other candidates for an appointment, ten of whom were ranked below plaintiff on the civil service list.

23. On June 8, 2000, plaintiff notified defendant Toomey that he was seeking judicial review of the license revocation.

24. Four days later, on June 13, 2000, defendant Toomey instructed defendant Madigan to file a Criminal Complaint against plaintiff in the Lynn District Court for assault with

a dangerous weapon, based upon the alleged 1998 "brandishing" incident.  Defendant Toomey later acknowledged that he had not directed defendant Madigan to file a criminal complaint until *after* Losano sought judicial review of his license revocation.

25. Plaintiff attended court on at least eight separate occasions, incurred substantial attorneys fees and suffered repeated humiliation.  On January 12, 2001, the criminal charges were dismissed.

26. As a result of defendants' conduct, plaintiff has suffered economic loss, humiliation, and emotional distress.

## COUNT I

### VIOLATION OF 42 U.S.C. §1983 BY DEFENDANTS TOOMEY, MADIGAN, LORD, and WATERS

27. The plaintiff restates the allegations in paragraphs 1 through 26 and incorporates said paragraphs herein as paragraph 27.

28. By the actions alleged in paragraphs 1 through 27, the above defendants deprived the plaintiff of his right to be free from retaliation for the exercise of his First Amendment rights in violation of 42 U.S.C. §1983 and his First Amendment right as guaranteed by the United States Constitution.  Specifically, defendants retaliated against plaintiff for pursuing employment with the department after they had asked him to withdraw from the application process,  and for seeking judicial review of his license revocation.

## COUNT II

### VIOLATION OF 42 U.S.C. §1983
### BY DEFENDANT TOWN OF SWAMPSCOTT

29. The plaintiff restates the allegations in paragraphs 1 through 28 and incorporates said paragraphs herein as paragraph 29.

30. The DEFENDANT TOWN OF SWAMPSCOTT has a custom and policy of deliberate indifference to the rights of citizens by:

    a. tolerating a custom and practice in which law enforcement officials employed by the town retaliate against citizens based upon the exercise of their First Amendment rights.

    b. failing to implement an adequate system to investigate law enforcement officials who retaliate against citizens based upon the exercise of their First Amendment rights.

## COUNT III

### VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT: M.G.L. c. 12, §11I, BY DEFENDANTS TOOMEY, MADIGAN, LORD, and WATERS

31. The Plaintiff restates the allegations in paragraphs 1 through 30 and incorporates said paragraphs herein as paragraph 31.

32. By the actions described in paragraphs 1 through 31, defendants TOOMEY, MADIGAN, LORD, and WATERS violated the plaintiff's civil rights in violation of M.G.L. c. 12, §11I, by threats, intimidation, and violence.

## COUNT III

### MALICIOUS PROSECUTION BY: DEFENDANTS TOOMEY, MADIGAN, LORD, and WATERS

33. The plaintiff restates the allegations in paragraphs 1 through 32, and incorporates said paragraphs herein as paragraph 33.

34. As a direct and proximate result of the actions of the above named defendants a criminal complaint was initiated against plaintiff without probable cause.

35. Defendants instituted criminal process against plaintiff with malice.

36. The criminal proceedings which defendants wrongfully and maliciously instituted against plaintiff were terminated in his favor.

## COUNT IV

### ABUSE OF PROCESS BY: DEFENDANTS TOOMEY, MADIGAN, LORD, and WATERS

37. The plaintiff restates the allegations in paragraphs 1 through 36 and incorporates said paragraphs herein as paragraph 37.

38. By the actions described in paragraphs 1 through 37, the defendants used lawful criminal process to commit an unlawful purpose;

39. Defendants used lawful process to accomplish an ulterior purpose for which it was not designed or intended and thereby interfered with the rights of plaintiff.

**WHEREFORE,** the plaintiff respectfully requests that this Honorable Court award:

1. Compensatory damages against all defendants;

2. Punitive damages against all individual defendants;

3. The costs of this action, including reasonable attorneys' fees; and,

4.       Such other and further relief, as this Court may deem just, necessary, and appropriate.

## DEMAND FOR JURY TRIAL

A jury trial is hereby demanded.

>Respectfully submitted,
>The Plaintiff Joseph Losano,
>By his attorneys,
>
>//S//Jessica D Hedges
>Stephen Hrones (BBO No. 242860)
>Jessica D Hedges (BBO No. 645847)
>HRONES & GARRITY
>Lewis Wharf – Bay 232
>Boston, MA 02110-3927
>T)617/227-4019

## CERTIFICATE OF SERVICE

I, Jessica D Hedges, hereby certify that on this 26th day of August, 2004, I served one true and correct copy of the plaintiff's PLAINTIFF JOSEPH LOSANO'S AMENDED COMPLAINT, where unable to do so electronically, by United States First-Class Mail, postage prepaid, as follows:  Andrew S Brooslin, Esq., Leonard H Kesten, Esq., BRODY HARDOON PERKINS, *et al.,* One Exeter Plz, Boston, MA 02116.

>//S//Jessica D Hedges
>_____Jessica D Hedges